# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| DONTAVIOUS REGINALD BARBEE, | No. C16-2072-LRR |
| Movant, | No. CR14-2047-LRR |
| vs. | |
| UNITED STATES OF AMERICA. | ORDER |

This matter appears before the court on the movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 1),[1] filed on July 1, 2016, motion to hold case in abeyance (civil docket no. 2), filed on July 1, 2016, and motion to amend (civil docket no. 7), filed on August 26, 2016.

The movant raises ineffective assistance of counsel as a basis for seeking relief. Specifically, the movant contends that counsel provided ineffective assistance because counsel did not adequately contest the application of the advisory sentencing guidelines in

---

[1] No response from the government is required because the 28 U.S.C. § 2255 motion and file make clear that the movant is not entitled to relief. *See* 28 U.S.C. § 2255; Rule 4(b), Rules Governing Section 2255 Proceedings. Further, because the record is clear, an evidentiary hearing is not necessary. *See* Rule 8, Rules Governing Section 2255 Proceedings; *see also Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (stating that district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing "if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact"); *United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986) (stating that district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255).

the pre-sentence report. In support of such contention, the movant claims that counsel (1) should have contested the application of USSG §2K2.1(a)(2) because his two prior convictions—a 2009 conviction for possession of simulated marijuana with intent to deliver and a 2010 conviction for possession of marijuana with intent to deliver—neither qualified as controlled substance offenses nor qualified as separate offenses and (2) should have contested the criminal history point assessed for his 2011 assault conviction.[2]

Having considered the record, the court finds that the movant's contentions are frivolous. It cannot be said that counsel provided ineffective assistance. *See Donnell v. United States*, 765 F.3d 817, 820-21 (8th Cir. 2014) (emphasizing that only errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment are actionable); *Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir. 1989) (broad latitude to make strategic and tactical choices regarding the appropriate action to take or refrain from taking is afforded when acting in a representative capacity) (citing *Strickland*, 466 U.S. at 694); *see also United States v. Cronic*, 466 U.S. 648, 657 (1984) (stating that counsel is not required to attempt a useless charade). It is apparent that counsel's conduct fell within a wide range of reasonable professional assistance. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984). Counsel made appropriate objections and arguments prior to and during the sentencing hearing. But, the pre-sentence report correctly relied on USSG §2K2.1(a)(2), USSG §2K2.1(b)(6)(B), USSG §4A1.1(a), USSG §4A1.1(c), USSG §4A1.2(a)(2) and USSG §4B1.2(b). The movant's total adjusted offense level and criminal history category, which would not have changed even if it was based on 10 points rather than 11 points, are correct. Considering all the circumstances and refraining from engaging in hindsight or second-guessing counsel's strategic decisions, the court concludes

---

[2] The movant relies, in part, on *Johnson v. United States*, ___ U.S. ___, ___, 135 S. Ct. 2551, 2557 (2015). Such case has no impact on this case. *See Beckles v. United States*, ___ U.S. ___, ___, ___ S. Ct. ___, ___, 2017 WL 855781, at *6 (Mar. 6, 2017) (concluding that the United States Sentencing Guidelines are not subject to a void for vagueness challenge under the Fifth Amendment's Due Process Clause).

that no violation of the movant's constitutional right to counsel occurred as a result of counsel's representation. The movant's misunderstanding of the law as it applies to the facts in his case, including but not limited to the definition of a controlled substance offense, the use of a prior sentence that was imposed for an offense that was separated by an intervening arrest and the use of a prior sentence to compute criminal history, is not a proper basis to grant relief.

Moreover, the movant's assertions as to what counsel did or failed to do would not have changed the outcome. Stated differently, the movant suffered no prejudice. *See Strickland*, 466 U.S. at 692-94. Despite the advisory sentencing guidelines dictating a 24 rather than a 20 under USSG §2K2.1, counsel argued that the court should vary downward from those guidelines and impose a sentence between 70 to 87 months. The court rejected such argument. It is clear that, after highlighting the movant's history of committing violent crimes, the escalation of the movant's violent conduct, the movant's considerable unscored criminal history and the movant's high risk to recidivate, the court relied on the factors listed in 18 U.S.C. § 3553(a) and imposed a sentence that was sufficient, but not greater than necessary, to achieve the goals of sentencing. The sentence that the court imposed, that is, 100 months imprisonment, remains valid.

In sum, the evidence of record conclusively demonstrates that the movant is not entitled to the relief sought. Specifically, it indicates that the movant's ineffective assistance of counsel claims are without merit, especially considering that counsel represented the movant in a manner that exceeded constitutional requirements. Given the record, the court finds that the denial of the movant's motion under 28 U.S.C. § 2255 comports with the Constitution, results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962); *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if

3

uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))). Accordingly, the movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 1) is denied. As for a certificate of appealability, the movant has not made the requisite showing. *See* 28 U.S.C. § 2253(c)(2). Accordingly, a certificate of appealability under 28 U.S.C. § 2253 will not issue. The motion to hold case in abeyance (civil docket no. 2) is denied as moot and the motion to amend (civil docket no. 7) is denied as meritless.

**IT IS SO ORDERED**.

**DATED** this 27th day of September, 2017.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA